UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

FILED BY /0____ D.C.

05 AUG 30 PM 4: 59

UNITED STATES OF AMERICA

-v-

2:04CR20031-01-D

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

MELBA MALONE

April R. Goode, FPD
Defense Attorney
200 Jefferson Ave., Ste. 200
Memphis, TN 38103

*A*M*E*N*D*E*D* JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty to Counts 1 through 4 of the Indictment on July 22, 2004. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1708 and § 2 | Mail Theft, Aid and Abet | 10/24/2002 | 1 |
| 18 U.S.C. § 1709 | Mail Theft by U.S. Postal Service Employee | 10/24/2002 | 2 |
| 18 U.S.C. § 371, § 1708 and § 1029(a)(2) | Conspiracy to Possess Stolen Mail and Conspiracy to Commit Access Device Fraud | 10/21/2000 | 3 |
| 18 U.S.C. § 1029(a)(2) and § 2 | Access Device Fraud | 10/02/2002 | 4 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and the Mandatory Victims Restitution Act of 1996

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No. 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
Defendant's Date of Birth: 02/05/1957
Deft's U.S. Marshal No.:   None

Date of Imposition of Sentence:
August 29, 2005

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on _____

Defendant's Mailing Address:
5384 Horseshoe Trail
Apt. #2
Memphis, TN 38115

_____
BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

August 30, 2005

Case No: 2:04CR20031-01   Defendant Name: Melba MALONE                           Page 3 of 6

## PROBATION

The defendant is hereby placed on probation for a term of **\*3 years with 8 months of community confinement (half-way house).**

While on probation, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a firearm, ammunition, destructive device, or dangerous weapons. The defendant shall also comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such file or restitution.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall comply with the following standard conditions that have been adopted by this court.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthful all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

5. The defendant shall notify the probation officer **ten(10) days prior** to any change in residence or employment;

6. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

7. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

8. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

9. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

10. The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

11. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

12. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

13. If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## *ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant shall provide third party risk notification as directed by the Probation Officer.

2. The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or making an obligation for any major purchases without approval of the Probation Officer.

3. The defendant shall provide the Probation Officer access to any requested financial information.

4. The defendant shall cooperate with the collection of DNA as directed by the Probation Officer.

5. The defendant shall notify the Probation Officer prior to withdrawing from any college course currently enrolled in.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $400.00 | | $1,078.01 |

The Special Assessment shall be due immediately.

### FINE
No fine imposed.

### RESTITUTION

Restitution in the amount of **$1,078.01** is hereby ordered. The defendant shall make restitution to the following victims in the amounts listed below.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| USAA Federal Saving Bank **Attn: Madelyn Garner, Bank Fraud Investigations** 10750 McDermott Freeway San Antonio, TX 78288 | $1,078.01 | $1,078.01 | |

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column above.

The amount of loss and the amount of restitution ordered will be the same unless, pursuant to 18 U.S.C. § 3664(f)(3)(B), the court orders nominal payments and this is reflected in the Statement of Reasons page.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

    E.    Special instructions regarding the payment of criminal monetary penalties:

    The defendant shall pay restitution in regular monthly installments in the amount of 10% of gross income (i.e., total income from all sources before deductions, exemptions, or other tax reductions.) The interest requirement shall be waived.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 89 in case 2:04-CR-20031 was distributed by fax, mail, or direct printing on September 7, 2005 to the parties listed.

---

Camille Reese McMullen
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Tracy Lynn Berry
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Lorna S. McClusky
MASSEY & MCCLUSKY
3074 East Street
Memphis, TN 38128

PDA
FEDERAL PUBLIC DEFENDER
200 Jefferson Ave.
Ste. 200
Memphis, TN 38103

April Rose Goode
FEDERAL PUBLIC DEFENDER
200 Jefferson Ave.
Ste. 200
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT